SMITH v. WORLAND, ADM'R.

SUPREME COURT.—*Objection to Evidence.*—A ground of objection to evidence admitted cannot be presented to the Supreme Court, when the record does not show that such ground of objection was presented to the court below.

From the Shelby Common Pleas.

*J. B. McFadden,* for appellant.

*K. M. Hord* and *A. Blair,* for appellee.

DOWNEY, J.—Action commenced by the deceased, Amos E. Gregg, in his lifetime, as surviving partner, against the appellant, on the following contract:

"JUNE 15th, 1869.

"I have this day sold to Gregg & Co. one hundred head of good, smooth, and well fatted hogs, to average two hundred and fifty pounds gross, fifty head to be delivered last days of July, and fifty last half of September next, on demand, at eight dollars and fifty cents per hundred gross, to be no sows, with pigs perceivable, and no stags, the three cars of hogs to average two hundred and fifty pounds.

"JAMES SMITH."

"SEPTEMBER 29th, 1869.

"The last half of the within contract, the time is extended to the 5th of October to take the hogs.

"JAMES SMITH,
"A. E. GREGG."

The delivery of the first half of the hogs is alleged, and payment therefor, and the extension of the time for the delivery of the other half as above.

It is alleged that on the 5th day of October, 1869, the plaintiff called upon the defendant and demanded of him the residue of the hogs, and was ready and willing to receive and pay for the same, and so informed the defendant; that the defendant wholly failed and refused to deliver the same; that after making the contract, and on the said 5th day of October, 1869, the price of hogs had increased in market value two dollars per hundred pounds.

Smith *v.* Worland, Adm'r.

The plaintiff claims to have been damaged in the sum of five hundred dollars, for which he demands judgment.

The defendant answered in three paragraphs. The second paragraph was struck out. The first paragraph was a general denial. The third alleged that in June, 1869, he delivered to the plaintiff sixty-one head of the hogs, of the kind and quality mentioned, which the plaintiff received and accepted in full discharge and satisfaction of the contract as to that number; and that afterward, without stating when, he tendered to the plaintiff the residue of said hogs, of the kind and quality agreed, which he refused to receive.

The issues were tried by a jury, and there was a verdict for the plaintiff, a motion for a new trial made by the defendant overruled, and judgment on the verdict.

Overruling the motion for a new trial is the error assigned.
The first point made by counsel for the appellant is, that the court erred in admitting in evidence another contract between the parties besides the one which is the foundation of this action, and on which, it seems to be claimed by the plaintiff, some of the hogs received by him from the defendant were delivered to him. Counsel urges in his brief that the court should not have admitted this contract, because it was irrelevant, and the execution of it was not proved. These might have been allowed as valid objections to the admissibility of the contract in evidence, if they had been made in the common pleas, but the bill of exceptions does not show that any objection was specified. A general objection appears to have been made, but on what ground does not appear. It has often been decided by this court that no question is presented for our decision under such circumstances.

The next objection urged is, that the evidence was not sufficient to justify the verdict of the jury.

According to the complaint, the first half of the hogs were delivered and paid for. We suppose that, for this reason, there is no question in the case as to them. The time for the performance of the other part of the contract by the delivery of the other fifty hogs, which by the original contract were to

have been delivered during the last half of September, was extended on the 29th day of September, 1869, to the 5th day of October. The only demand made of these hogs, spoken of by any witness, was made the last of July or the first of August, 1869. . The bill of exceptions professes to set out all the evidence. It is certainly quite clear that this evidence does not make out a case for the plaintiff. The case is not one of conflict of evidence, but there is no evidence of a demand of the hogs at the time when they might have been demanded according to the contract.

Counsel for appellee say that the bill of exceptions is not properly in the record, and signed by the judge, and that, therefore, no question is presented. The record shows that the motion for a new trial was overruled on the 18th day of November, 1872, and sixty days were given in which to file the bill of exceptions; that it was filed on the 2d day of January, 1873, and is signed by the judge. We do not see but that it is properly a part of the record.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.