Rosenbaum *et ux. v.* Schmidt.

the action of the court that it was given, the contrary not being shown.

The judgment is affirmed, with costs.

———————

ROSENBAUM ET UX. *v.* SCHMIDT.

PLEADING.—*Description of Real Estate.*—Where the complaint in an action to recover real estate describes the real estate in controversy in such manner that the same may be ascertained, it is sufficient.

PRACTICE.—*Supreme Court.—Objections to Evidence.*—Where it does not appear that the party objecting to evidence in the court below pointed out to that court the ground of his objections, the supreme court, on appeal, will not consider such objection.

SAME.—*Same.—Weight of Evidence.*—The supreme court, on appeal, will not reverse the judgment of the court below, on the weight of evidence, merely.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellants.

HOWK, J.—This was an action by appellee against appellants, for the recovery of real estate. The complaint was in the usual form, and the real estate sought to be recovered was thus described therein: "a tract of land within the town of Crown Point, described as follows, to wit, commencing at the north-west corner of land owned by John Ruscheli, three chains and twenty-seven links east from the north-west corner of section eight, in township thirty-four, north, of range eight, west, thence south on the line of said Ruscheli's land seven chains and seventy-five and one-half links to the center of Joliet road, thence north, seventy-four degrees west, far enough to make one acre, thence north seven chains and thirty links to the section line, thence east one chain and thirty-three links to place of beginning."

Appellants answered the complaint by a general denial.

There was a trial by the court, and a finding and judgment for appellee; and on appellants' application, on payment of costs, the judgment was vacated and a new trial awarded the appellants, as a matter of right under the statute.

Upon the new trial, there was a finding by the court below in favor of appellee and against appellants, for the recovery of said real estate. Appellants then moved the court below, in writing, for a new trial of the action, whih motion was overruled, and appellants excepted, and judgment was rendered upon the finding.

In this court, appellants have assigned the following alleged errors:

1.   Overruling appellants' motion for a new trial;

2.   Error of the court below, in admitting in evidence certain specified deeds;

3.   Error of the court below, in admitting improper and illegal evidence;

4.   Error of the court below, in finding for the appellee, upon his complaint, for the reason that the same did not state facts sufficient to constitute a cause of action.

The second and third of these alleged errors, in their present form, are not available to the appellants, in this court, for any purpose. If made sufficiently specific, each of them might be a good cause for a new trial, in a motion for such new trial presented to the court below. And when thus presented to the lower court, the only proper error to allege in this court, would be the decision of the former court, in overruling such motion for a new trial. In considering the other alleged errors, we will first notice and decide the question presented by the fourth alleged error.

The question thus presented is, that the description in appellee's complaint of the real estate sued for in this action, is so vague and indefinite as to be void for uncertainty. It is claimed by appellants' counsel, that "no surveyor can find this lot, from the description. It is

Rosenbaum *et ux. v.* Schmidt.

wholly unintelligible. It begins at a certain point, and runs south a certain distance and to a certain point." Thus far, at least, we have some of the elements of a very certain description, and upon the well known maxim that that is certain, which may be rendered certain, there would be no difficulty, in our opinion, in locating the exact land in controversy, from the description contained in appellee's complaint. From this description, it is manifest that the lot of ground sued for is quadrilateral, and of course has only four corners. Now, from the description given in the complaint, the four corners of the lot can be exactly located, the course and length of three of its four lines can be found with precision, and while the length of the fourth line is not given, yet the fact is easily arrived at, that it extends on a certain course from one fixed point to another fixed point. From the description given, the point where the west line of John Ruscheli's land intersects the center line of the Joliet road, can be located with certainty and precision; and making that point the beginning point, and inverting the description given in the complaint, we have the following plain, accurate and intelligible description of the land in controversy in this suit: beginning at said beginning point, and running thence north, along the west line of said John Ruscheli's land, seven chains and seventy-five and one-half links to the north-west corner of said Ruscheli's land, thence west one chain and thirty-three links, thence south seven chains and thirty links, and thence east, sixteen degrees south, to the place of beginning, containing one acre. We conclude, therefore, that appellants' objections to the sufficiency of appellee's complaint, are not well taken.

The first alleged error in appellants' assignment of errors is, that the court below erred in overruling their motion for a new trial. In this motion, the following causes for such new trial were assigned :

1. The finding and judgment of the court were contrary to law;

2. The finding and judgment of the court were contrary to the evidence;

3. The court admitted certain deeds and records as evidence for the appellee, which were improper and illegal evidence, and were objected to at the time by the appellants, and objection overruled, and they excepted.

It is hardly necessary for us to say, that only the first one of these alleged causes for a new trial is at all in conformity with the requirements of our code in regard to new trials. The third cause, especially, is so palpably erroneous, that the court below was not, and this court is not, under any obligations to consider it. But if we overlook the obvious objection, both to the form and substance of this third alleged cause for a new trial, and look to the bill of exceptions for the purpose of learning what were the grounds of appellants' objection to the deeds and records offered in evidence by appellee, we find that, in every instance, the appellants wholly failed to point out the grounds of their objections, to the court below. In each instance, this is the formula used; "this deed objected to,—overruled, and exception;" and that is all that is said in relation to the objection. "It is the settled rule that where it does not appear that the party objecting to evidence below pointed out the ground of objection, the supreme court will not consider the objection on appeal." Buskirk's Practice, 288, where the authorities in support of this rule are gathered together and cited.

The only other question presented for our consideration, by the overruling of appellants' motion for a new trial, is purely and simply a question of the weight of evidence. There was evidence tending to support the finding of the court below; and where this is the case, it is the settled rule of this court, and of all other appellate courts in this country, so far as we are informed, that the finding of the

court below will not be disturbed on appeal. The reasons for this rule are so obvious that they need not be stated, and the existence of the rule needs no citation of authorities.

We find no error in the record of this cause.

The judgment of the court below is affirmed, at the costs of the appellants.

Petition for a rehearing overruled.