## PEACHEE v. THE STATE.

CRIMINAL LAW.—*Constitutional Law.*—*Defining Crime.*—*Title of Act.*— Neither the title, nor the body, of a statute defining a felony need designate the felony defined by giving to it a particular or technical name.

SAME.—*Blackmail.*—The act of March 10th, 1873, 2 R. S. 1876, p. 449, sufficiently defines the felony ordinarily designated as "blackmailing."

SAME.—*Practice.*—*Grounds of Objection to Evidence.*—The grounds of objection to the admission of evidence offered must be stated to the court, at the time the objection is made, which must appear by the record on appeal to the Supreme Court, to make error in admitting such evidence available.

SAME.—*Evidence of Former Acquittal.*—An offer to introduce the record of an acquittal of the defendant, on the trial of a former indictment against him, should be accompanied by an offer to identify the crime charged in that indictment with that charged in the indictment on which trial is being had.

From the Daviess Circuit Court.

*J. W. Burton* and *J. W. Ogdon,* for appellant.

*T. W. Woollen,* Attorney General, *J. H. O'Neall, D. J. Heffron, W. R. Gardiner, S. H. Taylor* and *M. F. Burk,* for the State.

HOWK, C. J.—The appellant and two other persons were jointly indicted, in this case, by the grand jury of the Daviess Circuit Court, at its March term, 1878.

The indictment contained but one count, in which it was charged, in substance, that the appellant, "one James F. Peachee, one John Doherty and one Harry Faulkner, late of said county, on the 15th day of October, A. D. 1877, at said county and State, did then and there unlawfully, feloniously, wilfully and knowingly, send to one Joseph Cabel a certain letter and written communication, signed with a fictitious name, to wit, ' Vengeance,' directed to the said Joseph Cabel, by the name and description of ' Mr. Joseph Cabel, Washington, Indiana, Personal,' threatening to do injury to the person and property and family of the said Joseph Cabel, which letter is in the words and figures following, to wit : "

Here follows a copy of the letter referred to, which is very long and full of threats, but we need not set it out in this opinion. The indictment then proceeds as follows :

" And on divers other days and at divers times, from said date up to the time of returning this indictment, did then and there unlawfully, feloniously, wilfully and knowingly, send and cause to be sent to the said Joseph Cabel other letters and written communications, signed with a fictitious name, to wit, ' Vengeance,' threatening to do injury to the person and property and family of the said Joseph Cabel, all with the intent then and there and thereby to extort and gain from the said Joseph Cabel a certain sum of money, to wit, five hundred dollars, contrary to the form of the statutes," etc.

The appellant moved the court to quash the indictment, which motion was overruled, and to this ruling he excepted.

On the appellant's written motion, the court struck out of the indictment the averments therein in relation to the sending of " other letters and written communications."

Peachee *v.* The State.

On arraignment, the appellant's plea to said indictment was, that he was not guilty as therein charged.

On his application, the appellant was awarded a separate trial.

The cause was tried by a jury, and a verdict was returned finding the appellant guilty as charged in the indictment, and assessing his punishment at imprisonment in the state-prison for the period of two years.

The appellant's motions for a new trial and in arrest of judgment, in the order named, were severally overruled, and to each of these decisions the appellant excepted, and judgment was rendered on the verdict.

The appellant has assigned, in this court, the following decisions of the circuit court, as errors:

1. In overruling his motion to quash the indictment;

2. In overruling his motion for a new trial; and,

3. In overruling his motion in arrest of judgment.

We will consider and decide the questions presented by the appellant's counsel, arising under these alleged errors, in the order of their assignment:

1. The indictment in this case charged the appellant and his codefendants with the commission of one of the felonies mentioned in the 1st section of an act entitled " An act defining certain felonies and prescribing punishment therefor," approved March 10th, 1873. Acts 1873, p. 138; 2 R. S. 1876, p. 449. It is insisted in argument, on behalf of the appellant, that his motion to quash the indictment ought to have been sustained, because, as his counsel say, the above entitled act, under which the indictment was found, is unconstitutional and void. It is said, " that the act referred to is in violation of the 19th section of the 4th article of the constitution of the State, which requires every act to embrace but one subject and matters properly connected therewith, ' which subject shall be expressed in the title.' " The appellant's counsel claim, as

we understand them, that no subject is expressed or embraced in the title of said act, because the particular felonies defined are not designated by their particular names, in :said title.

We can not approve of that view of the subject. If the act were unconstitutional, for the reason suggested, then, for the same reason, the felony act of June 10th, 1852, would also be unconstitutional, and we would have no law in this State defining or prescribing punishment for treason, murder, manslaughter, rape, larceny, and many other felonies.

The felony act of June 10th, 1852, is entitled "An act defining felonies, and prescribing punishment therefor." It will be seen that this title is open to the same objection which the appellant's counsel urge against the constitutionality of the act of March 10th, 1873, for no particular felony is designated by name in the title of the felony act of June 10th, 1852. The subject of the act of March 10th, 1873, we think, is expressed in the title of the act with sufficient certainty to comply with the requirements of the constitution, and the act is not unconstitutional on that ground.

The appellant's counsel insist, that the act of March 10th, 1873, is void, for another reason. It is provided in section 2 of "An act declaring the law governing this State," approved May 31st, 1852, that "Crimes and misdemeanors shall be defined, and punishment therefor fixed, by statutes of this State, and not otherwise." 1 R. S. 1876, p. 606.

It is claimed by the appellant's counsel, as we understand them, that the act of March 10th, 1873, under which the appellant was indicted, is void, for the reason that it does not conform to the requirements of said section 2 of said act of May 31st, 1852, declaratory of the law governing this State. If it was true, that the act of

March 10th, 1873, was open to this objection, the act would certainly not be void for that reason; for, where two statutes passed at different dates are in conflict, the later act stands as law, and the older act, if either, is thereafter void. But it seems to us that the act of March 10th, 1873, is not open to this objection of appellant's counsel; for, in said act, the felony thereby created is accurately defined, and its punishment fixed, as provided for in the said section 2 of said act of May 31st, 1852. In truth, the objection of counsel to the act of March 10th, 1873, seems to be, not that the felony is not defined and its punishment fixed in the act, but that the General Assembly forgot or failed to give a name to the felony, by which it should be designated and known. The act is open to this objection, but as the constitution did not, nor did any prior statute, require that the felony defined should be christened by a particular name, the act is certainly not void for the want of any such name. In common parlance, the felony defined in the act is ordinarily denominated "blackmailing;" and, if a name is desired, that is sufficiently expressive, we think, to answer the purpose. The act of March 10th, 1873, is not void. The circuit court did not err in overruling the appellant's motion to quash the indictment.

2. The second alleged error, complained of by the appellant, is the decision of the court below in overruling his motion for a new trial. We will consider and decide the several questions, presented by the appellant's counsel in argument, which fairly arise under this second alleged error, in the same order in which counsel have discussed them, in their able and exhaustive brief of this cause in this court.

It is insisted by the appellant's attorneys, that the court erred in permitting the State to read in evidence to the jury a series of letters, numbered from one to seven, both inclusive. The prosecuting witness, Joseph Cabel, had testified on the trial, on behalf of the State, as follows:

"During the fall of 1877, I received seven letters through the post-office at Washington, Indiana, addressed to me and all signed by the name, 'Vengeance,' except the fourth one, the fifth one, and the sixth one; [Here the witness identified the seven letters, handed to him by the prosecutor;] I received the first of the seven letters about October 15th, 1877."

Without objection on the part of the appellant, the prosecutor read in evidence letter No. 1, on which the indictment was predicated, and which was set out therein.

When the State offered in evidence the other letters of the series, it appears from the bill of exceptions, that "the defendant at the time objected, and the court overruled the objections of the defendant and permitted said letters to be read to the jury, to which ruling of the court the defendant at the time objected and excepted."

It does not appear from the bill of exceptions, that the grounds of his objection to the admissibility of these letters in evidence were stated by the appellant to the circuit court. It is well settled by the decisions of this court, that the record must show, that the grounds of the objection to the admission of evidence were stated to the court, at the time the evidence was offered and introduced; otherwise the decision of the court, in admitting the evidence, can not be complained of, as an available error, in this court. A general objection to evidence, such as was made by the appellant in this case, without informing the court of the grounds of the objection, is entitled to no consideration either from the court below, or from this court. *Harvey* v. *The State*, 40 Ind. 516; *Trogden* v. *Deckard*, 45 Ind. 572; *Smith* v. *Worland*, 50 Ind. 360; *Rosenbaum* v. *Schmidt*, 54 Ind. 231; and *McCormick* v. *Mitchell*, 57 Ind. 248. The question of the admissibility in evidence of the letters referred to, therefore, is not properly presented for our consideration or decision, by the record of this cause.

What we have said in relation to the question just considered, will apply with equal force to the next point made by the appellant's attorneys in argument. It is claimed that the court erred in permitting the State to read in evidence to the jury, over the appellant's objection, certain letters written by the prosecuting witness, Joseph Cabel, in answer to the letters received by him, before referred to, signed by the name of "Vengeance;" which letters, written by Cabel, were by him addressed to "Vengeance." When Cabel's letters were offered in evidence, it appears from the bill of exceptions, that the appellant objected to the letters as evidence, that the court overruled the objection, and admitted the evidence, and that the appellant at the time objected and excepted to the decision. of the court. But the record fails to show that the appellant, at the time, informed the court of the grounds of his objection. It is clear, therefore, from what we have already said, that the question of the admissibility in evidence of Cabel's letters, addressed to "Vengeance," is not properly presented for our consideration or decision, in and by the record of this cause. Buskirk Prac. 288, and authorities cited.

One other point is made by the appellant's counsel in argument, under the alleged error of the court in overruling the appellant's motion for a new trial. It is insisted by counsel, that the court clearly erred in excluding from the jury certain evidence offered by the appellant on the trial of the cause. It appears from the bill of exceptions, that the appellant's offer of the evidence excluded was in these words:

"The defendant, Peachee, next offered to read in evidence to the jury, in his behalf, an indictment returned against him, the said Peachee, at the March term, 1878, of said court, and the record of the trial and acquittal of. him, the said Peachee, thereon; which the court excluded and refused to be read to the jury, to which ruling of the

court the defendant Peachee, at the time, objected and excepted."

This was the entire offer. The appellant did not couple with this offer an offer to prove that he was the same James F. Peachee mentioned in said indictment and record of trial and acquittal, or that the crime charged in said indictment, and mentioned in said record, was the same felony charged in the indictment in this case, and for which he was then on trial. Nor did the appellant, in any manner, inform the court as to what particular fact he intended to prove by the offered evidence. It seems clear to us, therefore, that the court did not err in excluding the offered evidence; for the record of this cause fails to show, that the excluded evidence was material or pertinent to the issues joined in this case.

In our opinion, the court did not err in overruling the appellant's motion for a new trial.

3. In discussing the alleged error of the court below, in overruling the motion in arrest of judgment, the appellant's counsel "reiterate their argument adduced touching the motion to quash the indictment." We have already said all that we desire to say in answer to that argument.

We are clearly of the opinion, that the court did not err in overruling the appellant's motion in arrest of judgment.

We find no error in the record, of which the appellant can complain.

The judgment is affirmed, at the appellant's costs.