Wood *v.* Rice *et al.*

---

## Wood *v.* Rice et al.

INJUNCTION.—*Sheriff's Sale.—Pleading.—Supreme Court.—Practice.*—Where an original complaint asks that a threatened sheriff's sale be enjoined as the final relief sought, but asks for no temporary injunction or restraining order, and the cause is put at issue by a general denial, the decision of the court refusing the prayer of a subsequent supplemental complaint, filed in the afternoon of the day set for the sale, for a temporary restraining order, is not available in the Supreme Court, when it appears that on the hearing of the main action, after the sale, the evidence failed to make out a case which entitled the plaintiff to an injunction, and, therefore, that final judgment was properly rendered for the defendants.

SAME.—*Admission of Evidence.*—The admission of evidence over a general objection, no ground being pointed out, will not be regarded as erroneous.

SAME.—*Release of Levy.—Prior Judgment Creditor.*—A prior judgment creditor has the right to levy upon and subject to sale, to satisfy his judgment, lands of the debtor which had been previously levied upon and sold to a junior judgment creditor, and an injunction will not lie, at the suit of such junior creditor, to restrain the sheriff from making such sale, on the ground that a former levy by the senior creditor, upon other lands, is undisposed of, when the evidence shows that such former levy has been released for irregularities in making the same, and does not show either that the debtor owned the land first levied upon, or that he has other property out of which the prior judgment can be made.

From the Fountain Circuit Court.

*J. W. Copner*, for appellant.

*J. Ristine* and *G. Mc Williams*, for appellees.

WORDEN, J.—Complaint by the appellant, against the appellees, stating, in substance, that in September, 1867, one Hushaw recovered a judgment in the court of common pleas of said county, against John Newlin and others, for the sum of three hundred and forty-four dollars and sixteen cents and costs; that, at the time of the rendition of the judgment, Newlin was the owner of certain real estate described, situate in the county, of the value in all of twelve thousand dollars, on which the judgment was a lien.

That in August, 1870, the plaintiff recovered a judgment in the circuit court of said county, against Newlin and another, for the sum of five thousand two hundred and twelve dollars and seventy-five cents and costs, in which it was adjudged that Newlin was the principal debtor, and that his property be exhausted before levying upon that of the other defendant therein; that on the 4th day of November, 1872, the plaintiff caused an execution to be issued upon his judgment, by virtue of which certain of the real estate before mentioned was levied upon and duly sold by the sheriff, the plaintiff becoming the purchaser and receiving the sheriff's deed therefor, the same not having been redeemed; that, at the time of the levy of the execution, no personal property of Newlin could be found on which to levy the same; that in April, 1874, Hushaw caused an execution to be issued upon his judgment, which was levied upon certain land described, not that so purchased by the plaintiff, which land so levied upon has not been sold, nor has the levy been disposed of; that afterward, in November, 1875, Hushaw, not regarding his levy thus made, caused another execution to be issued upon his judgment, which he has caused to be

Wood *v.* Rice *et al*

levied upon a part of the land thus purchased by the plaintiff, the said Newlin having at the time of the · last levy mentioned sufficient personal property in the county subject to execution to satisfy the judgment of Hushaw; that there is a balance of several hundred dollars due the plaintiff on his judgment against Newlin, and that, if the land thus purchased by the plaintiff should be sold upon execution to pay Hushaw's judgment, it will work irreparable loss and injury to the plaintiff; that the sheriff has advertised the land for sale and is about to sell the same. Prayer that the sale may be enjoined until the prior levy shall be disposed of, and until the personal property of Newlin shall be exhausted, etc.

The original complaint asked for an injunction as the final relief sought, and in it no temporary injunction or restraining order was prayed for. The cause was put at issue by general denial, which was filed on December 14th, 1875. Afterward, on the 24th day of the same month, at the hour of half past one o'clock P. M., the plaintiff filed a petition or supplemental complaint, alleging that on that day, between that time and four o'clock, the sheriff, said Joseph J. Rice, would, unless restrained, offer the land for sale, in pursuance of notice previously given, and asking that he might be restrained from so doing until the further order of the court. The original, as well as the supplemental, complaint was duly verified.

It sufficiently appeared to the court that the issue joined in the main action could not be tried until after the sale would be made. The court refused the application, " for the reasons, among others, that the plaintiff had been guilty of *laches* in failing to make his motion at an earlier day, and that the defendant having answered the original complaint by a denial, the motion ought not to be sustained without proof." Exception.

On the 27th day of the same month, the cause came on

Wood v. Rice et al.

to be tried, and was submitted to the court for that purpose, the trial resulting in a finding· and judgment for the defendants.

The assignments· of error which raise the questions involved are:

"1st. That the court below erred in refusing to grant a temporary restraining order upon the supplemental complaint of the appellant ;

"2d. That the court erred in overruling appellant's motion for a new trial of the cause."

We may observe, in reference to the error first assigned, that, if a temporary injunction had been granted, it would have been dissolved by the final judgment rendered for the defendants upon the finding for them ; therefore, if the finding and judgment were correct, no possible legal harm accrued to the appellant by the refusal of the court to award such temporary injunction. The temporary injunction could only have been useful to the appellant in order to stay the sale until the question, whether he was entitled to a perpetual injunction, could be tried ; and, that question having been decided against him, it is apparent that he lost no legal right in not obtaining the temporary injunction.

The finding of the court was clearly right upon the evidence given. The plaintiff gave in evidence his deed from the sheriff for the land purchased by him ; also the execution, of the date of April 21st, 1874, issued upon the judgment which Hushaw had obtained, and the sheriff's return thereon, showing a levy upon certain land described, the writ being returned October 21st, 1874, unsatisfied; also another execution issued upon Hushaw's judgment, the one upon which it was sought to enjoin the sale, of the date of November 8th, 1875, and certain endorsements of the sheriff thereon, showing that he had levied upon a part of the property thus purchased by the

plaintiff, and that he had advertised the same for sale on December 24th, 1875 ; and this was all the evidence given by the plaintiff.

The defendants then gave in evidence, over the objection of the plaintiff, " the following endorsement on the copy of the sheriff's return, as appears of record on the execution docket of said court, to the execution issued in favor of the defendant Hushaw, against John Newlin and others, on the 21st day of April, 1874, which endorsement on said copy of said return reads in the words and figures following :

" 'I, H. R. Claypool, attorney for Jacob Hushaw, hereby release this levy on account of the irregularities in making the same.

(Signed,)    " ' H. R. CLAYPOOL.' "

And this was all the evidence given in the cause.

It appears by a bill of exceptions, that the plaintiff objected generally to the introduction of the release of the levy as appeared of record on the execution docket, and excepted to the ruling of the court in admitting it; but it does not appear that any ground of objection was pointed out or suggested to the court. It has been decided in a great number of cases, that the admission of evidence over such general objection, no ground of objection being pointed out, will not be regarded as erroneous. We cite one case, which happens to lie before us. *Smith* v. *Worland*, 50 Ind. 360. There may be cases in which the objection is so apparent that it needs no pointing out, but, if so, this is not one of them.

The evidence entirely failed to make out a case that entitled the appellant to an injunction. It failed to show that Newlin ever owned any property whatever, either real or personal. If he owned the property thus purchased by the plaintiff, then Hushaw's judgment was a prior lien upon it, and he had a right to have it sold to pay his judgment, although it had been bought in by the plaintiff on

his junior judgment. unless there were circumstances that required him to make his judgment out of other property. But. as has been said, it did not appear that Newlin had any other property out of which Hushaw could have made his judgment. It did not appear that Newlin owned the property levied upon by virtue of the execution of April 21st, 1874. If he did not, the levying upon it would be an irregularity, and the levy was properly released. There may also have been other irregularities that justified the release of the levy. The evidence does not show either that there is any other property out of which Hushaw can make his judgment, or that he has done any thing that should prevent him from making it out of the property purchased by the plaintiff.

The judgment below is affirmed, with costs.