Filed Mar. 8, 1884.

———————◆———————

No. 10,964.

DeArmond *v.* The Preachers Aid Society et al.

HUSBAND AND WIFE.—*Judgment Lien.*—*Foreclosure of Mortgage.*—*Action to Set Aside Default.*—*Fraud.*—*Injunction.*—In an action by the mortgagee against a husband and wife and a judgment creditor of the husband, to foreclose a mortgage upon the real estate of the husband alone, executed by both him and his wife before such judgment had become a lien thereon, the judgment creditor, upon the promise of the mortgagee that judgment of foreclosure should be taken against both the husband and the wife, did not appear, but suffered default, whereupon the action was dismissed as to the wife, foreclosure was taken against the husband and the judgment creditor only, and the judgment provided that any surplus on the sale should be paid into court for the husband.    Suit by the judgment creditor to set aside the default and to enjoin sale on said foreclosure, alleging the foregoing facts, and also alleging that a conspiracy had been formed between the mortgagee, the husband and his wife, and her father, by which, in order to defeat the claim of the judgment creditor, the share of the wife in the real estate should not be sold, and that any deficiency in satisfying the mortgage debt would be satisfied by the wife's father by paying such deficiency to the mortgagee.

*Held,* on demurrer, that the complaint was insufficient, and that no grounds lay for an injunction, as the wife had a right to save her interest in the land, the judgment of her husband's creditor not being a lien on her interest.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*J. D. Miller* and *F. E. Gavin,* for appellees.

COLERICK, C.—This was an action brought by the appellant against the appellees. A demurrer was sustained to the complaint, and the appellant refusing to amend final judgment on demurrer was rendered against him. The errors assigned are the ruling of the court upon said demurrer and the refusal of the court to grant a temporary injunction in the action.

The complaint, in substance, averred that the appellant held a judgment against James M. Burk, rendered in the Decatur Circuit Court on the 20th day of December, 1881, which was a lien on the interest of said Burk in certain real estate described in the complaint, upon which a prior mortgage, executed by said Burk and his wife Barthena Burk to the appellee, The Preachers Aid Society, etc., to secure the payment of a $600 note of said James M. Burk existed; that said society brought an action in said court to foreclose said mortgage, making the said Burks and the appellant parties defendants thereto, and that after the return day of the summons therein, and before the calling of said action, the attorney for said society assured the attorney of the appellant that he desired to take an ordinary judgment of foreclosure against the defendants, including the said Barthena Burk, and that the appellant's attorney, relying upon the faith of said representation, allowed the appellant to be defaulted in said action, and that afterwards the society dismissed said action as to Barthena Burk, and took a decree of foreclosure against the other defendants by default; that said decree was not publicly read in open court, and its contents were not known to the appellant or his attorney until after the close of the term. The complaint then avers that one Owens, the father of Barthena Burk, conspired and confederated with the said Burks and said society to prevent and hinder the appellant from collecting his judgment against

said James M. Burk, and to save from sale on a foreclosure of said mortgage the interest of Barthena Burk in said real estate, by making an agreement to the effect that if said society dismissed its action as to Barthena Burk, said Owens would pay to said society whatever sum the interest of James M. Burk in said real estate on sheriff's sale should fall short of paying said mortgage in full, which arrangement was not known to and was concealed from the appellant and his attorney, and that, in pursuance of said conspiracy, said parties caused to be inserted in the decree a provision that the surplus of the proceeds of the sale of said real estate remaining after paying said mortgage should be paid into court for said James M. Burk, and that, after the year allowed by the statute for redemption, the equity of redemption of all the defendants except Barthena Burk should be barred. It was also averred that said James M. Burk had no other property out of which said judgment could be made; that the interest of said Barthena was of the value of $400, and that her interest with that of James M. Burk would sell for a sum sufficient to pay said mortgage and the appellant's judgment in full; that execution had issued on said decree, and that the property had been advertised for sale, and would be sold to said Owens or to some person for him unless enjoined by the court. Wherefore he prayed for an injunction, and for an order requiring said society to foreclose said mortgage as to Barthena Burk, or that his judgment be paid from the proceeds of said sale, and other relief.

It is well settled by the decisions of this court that a party against whom a judgment by default has been rendered must seek relief under the last clause of section 396, R. S. 1881, which provides that the court " shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, * * * on complaint or motion filed within two years." See *Lake* v. *Jones*, 49 Ind. 297, and cases there cited. In *Lake* v. *Jones*, *supra*, which was a proceeding to set aside, on the ground of fraud,

a judgment which had been rendered by default, this court said : " The appellants, by their failure to appear and answer the complaint, admitted that the plaintiff had a cause of action and was entitled to a judgment for some amount. With this judgment against them, the appellants are in no condition to assail the judgment on the ground of fraud. Their default admits a cause of action. While the judgment by default stands, the appellants have no standing in court, except to move to set aside the default, and to be heard upon the assessment of damages." See, to same effect, *Briggs* v. *Sneghan*, 45 Ind. 14; *Fisk* v. *Baker*, 47 Ind. 534. The person applying to have a default set aside must show a meritorious defence before the court will determine the sufficiency of the reasons assigned by him for setting it aside. See *Buck* v. *Havens*, 40 Ind. 221, where it was held that " The practice very justly requires the party who seeks to be relieved from a judgment to show that he has a meritorious cause of action or defence, * * and this should be supported by his affidavit."

Tested by the rule established by this court in the cases above cited, the complaint in this case was insufficient. If the appellant desired and was entitled to have his judgment paid out of the surplus of the proceeds of said real estate remaining after paying said mortgage, it was his right to have appeared to the action and filed a cross complaint, setting up his judgment and asking that it might be so paid. Not having done so, and there being no other liens upon the property presented by way of cross complaint, the court properly ordered the surplus to be paid into court for the owner of the property. Upon proper application, the appellant may yet apply to the court to have his judgment paid out of said surplus, if any exists. The purpose of this action did not relate to such surplus, and no such relief was asked. The appellant being a party to said action the court properly adjudged that his equity of redemption should be barred after the time allowed by law for redemption. If a judgment of foreclosure had been rendered against both James

M. Burk and Barthena Burk, and the court had ordered the interests of both of them in said real estate to be sold, like provisions for the payment of said surplus into court for them, and barring the equity of redemption of the appellant would, undoubtedly, have been made, as the court, by the default of the appellant, could have made no other order. If the appellant had appeared to the action and filed a cross complaint therein, he could not have caused the interest of Barthena Burk in said real estate to be sold to pay his judgment, as it was not a lien thereon. It existed against her husband alone, and his interest only in said real estate was liable for its payment. *Taylor* v. *Stockwell,* 66 Ind. 505. Nor could he have prevented her from obtaining an order requiring the interest of her husband in said real estate to be first sold to pay said mortgage before selling her interest. See *Leary* v. *Schaffer,* 79 Ind. 567, where it was held by this court that a wife joining with her husband in the execution of a mortgage upon real estate owned by him has an equity of sufficient strength to entitle her to require the mortgagee to first offer for sale the part of the land in which she has no interest before resorting to that in which she has an interest.

If, prior to the commencement of the action to foreclose said mortgage, the appellant had purchased the interest of James M. Burk in said real estate at a sale thereof, under an execution issued upon the judgment in his favor, and thereby acquired title thereto, still Barthena Burk would have been entitled to an order in said action directing said interest to be first sold to pay the mortgage. *Medsker* v. *Parker,* 70 Ind. 509.

The appellant had a lien on the interest of James M. Burk in said real estate, subject to said mortgage, and on that alone. The mortgagee only could have insisted upon the sale of the interest of Barthena Burk in said real estate to pay said mortgage. The agreement that was made to protect from sale her said interest was one that the parties thereto had the right to make, and did not affect the rights of the appellant.

The fact that the judgment was not publicly read in open

court did not impair its validity. The provision of the statute relating to the reading of judgments, etc., in open court, is merely directory. *Jones* v. *Carnahan*, 63 Ind. 229.

We think that the complaint was insufficient, and, therefore, no error was committed in sustaining the demurrer thereto. If the complaint was insufficient, the court properly refused to grant a temporary injunction in the action. If it had been granted, it would have been dissolved by the final judgment that was rendered. Even if error was committed in its refusal, it was a harmless one. See *Wood* v. *Rice*, 68 Ind. 320, where it was said by this court: "We may observe, in reference to the error first assigned, that, if a temporary injunction had been granted, it would have been dissolved by the final judgment rendered for the defendants upon the finding for them; therefore, if the finding and judgment were correct, no possible legal harm accrued to the appellant by the refusal of the court to award such temporary injunction. The temporary injunction could only have been useful to the appellant in order to stay the sale until the question, whether he was entitled to a perpetual injunction, could be tried; and, that question having been decided against him, it is apparent that he lost no legal right in not obtaining the temporary injunction." There being no error in the record the judgment must be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed March 8, 1884.

—————————◆—————————

PARTIES.—*Joint Plaintiffs.—Demurrer.*—A complaint by several jointly, which fails to show a joint cause of action in all, is bad on demurrer for the want of sufficient facts.

QUIETING TITLE.—*Complaint.—Sheriff's Sale.—Life-Estate.*—A complaint to quiet title against a claim of title by the defendant founded upon a