## Harvey *v*. The State.

PRACTICE.—*Evidence.—Objection.*—It is not sufficient that the ground of objection to evidence offered be stated in the motion for a new trial. It must appear by the record to have been stated at the time the objection to the evidence was made, and when the evidence was introduced.

SAME.—*Reading from Law Books to Jury.—Criminal Trial.*—It is not error for the court to permit counsel to read extracts from a law writer, on a criminal trial, as part of his argument, informing the jury that they are so to be regarded, and not as evidence.

SAME.—*Refreshing Memory of Witness.—Evidence.*—There is no error in the court's allowing a paper to be read to a witness, which purports to be the evidence of the witness given at a former examination, for the declared purpose of refreshing the memory of the witness, although it be read in the presence of the jury, the witness not recalling the evidence, and the jury being thereupon instructed to disregard the contents of the paper.

SAME.—*Instructions to Jury.—Criminal Law.*—When, on the trial of an indictment for murder, the court had instructed the jury, that if the deceased "died from a disease not brought on by a blow given by the defendant, you must acquit; no matter what violence the defendant may have inflicted upon the deceased, if it did not mediately or immediately accelerate her death, there can be no conviction;" it was not error to refuse to also instruct, "that if they believe the wounds inflicted on the deceased were not dangerous and would not have given her any trouble at all, but that by subsequent exposure to the rain, and by reason of her intemperate habits, she brought on erysipelas, which caused her death, the jury should acquit the defendant, without regard to the nature or character of the instrument with which the wound was inflicted."

APPEAL from the Marion Criminal Circuit Court.

OSBORN, J.—The appellant was indicted for murder in the second degree, tried by a jury, and convicted of manslaughter.

A motion for a new trial was overruled, which was duly excepted to, and judgment was rendered against him. The error assigned is, that the court erred in overruling the motion for a new trial.

The causes assigned for the new trial were:

First. That the verdict was contrary to the evidence in the case.

Second. That the verdict was contrary to law.

Third. That the court permitted illegal and improper testimony to be given to the jury.

Fourth. That the court permitted the prosecuting attorney to read to the jury, in his argument of the cause, extracts from Wharton's Medical Jurisprudence, without having first established its character.

Fifth. That the court permitted the prosecutor to read, in the presence of the jury, a paper purporting to be signed by a witness then on the stand, on behalf of the State, for the purpose of refreshing her recollection.

Sixth. That the court refused to give certain instructions to the jury.

We have examined the evidence, as it appears in the record, and think it sustains the verdict. It may not be improper to state that after reading all the evidence and the brief submitted by the very able counsel for the appellant, in which they zealously endeavor to satisfy us that the verdict of the jury is not sustained by the evidence, we read it again, and it appears to us that the appellant, without any justifiable cause, struck the deceased on the temple with a stick, which blow caused her death in a few days. His own witness, who was present at the time, testifies that she saw the blow given, states that he struck at her, and that she fell over against the stove, and would have fallen down if she had not saved herself by holding on to something. The witnesses differ about the size of the stick. One says that it was a stick of stove wood; the other that it was a small piece of a board, from which he cut or split kindling

wood.   Whether it was large or small we think the blow caused her death.

There is nothing in the second ground for a new trial. The verdict is in the usual form of verdicts of guilty, and fixes the penalty.   It is not contrary to law.

The appellant claims that he was entitled to a new trial, because the court permitted the witness, John Wallace, to testify and state what the deceased said to him, four or five days after the injury was inflicted, and in the absence of the defendant, as to any pain that she was then suffering.   The witness was required by the court to be "particular only to state what Mrs. Harvey said as to the suffering at that time, and not to give statements as to any that she had suffered before."

On the first examination of this witness, he stated, amongst other things, that he "went back four or five days afterward, and she undid it (her wound) and let me look at it. I asked her if she thought her head was fractured, and she said she did not know whether it was or not."   He was then asked to state what she said about it, to which the counsel for the appellant objected, and the question seems to have been waived.   The next day, the witness was recalled and permitted to testify, over the objection of the appellant, that she was lying on the bed, and in answer to a question by him, as to how she felt, she said, "that her head hurt her very bad, and that she did not think she had taken cold."   No ground of objection to the evidence was pointed out at the time.   In the motion for a new trial, it is alleged that the objection was made on the ground that the statement was "inadmissible as evidence, the defendant not being present," but it nowhere appears that the ground was stated or made known to the court until the motion for a new trial was made.   There is, therefore, no question legitimately before us on the third ground for a new trial.

During the argument before the jury, the prosecutor was permitted to read extracts from Wharton's Medical Jurisprudence, the court informing the jury "that the extract was to be regarded not in any wise as evidence, that counsel

was permitted to read it simply as part of his argument, and they were to consider it only as such."

We are asked to reverse the judgment for that alleged error. We do not think the court committed any error in permitting the extract to be read. It was not read as evidence, and the jury were told by the court that they must not so consider it. It was read and adopted by counsel as part of his argument, with the permission of the court, and we do not think the appellant could rightfully complain of it.

He also complains that the State was permitted to read, in the presence of the jury, a certain paper purporting to be the evidence of Georgiana Brooks, a witness on the stand on behalf of the State, for the purpose of refreshing her recollection.

The record shows that the witness was the daughter of the appellant and the deceased; that the alleged homicide was committed about nine years before the trial; that she denied all knowledge or recollection of either of her parents, and all knowledge of the difficulty between them. She also denied any recollection of being a witness before the coroner's or grand jury. A written *statement*, purporting to have been made by her before the coroner's jury, was produced, and she was asked if she could read. She answered that she could not. The prosecutor was then permitted to read the statement to her, in the presence of the jury, for the purpose of refreshing her recollection. She testified that she had no recollection of making the statement. The court told the jury that the questions which it had "permitted to be asked were simply for the purpose of endeavoring to excite, if possible, the recollection of the witness," and added, "you are not to allow her testimony, in the slightest degree, to influence you against the defendant." The statement was not offered to the jury. It was not before them as evidence. The objection is, that it was read in their presence, and thus operated upon their minds to his prejudice. It was read to the witness for the avowed purpose of

refreshing her recollection, and for no other purpose. The jury knew that. But for fear that they might not fully understand it, the court told them that that was the purpose, and, in addition, that her testimony must not be considered as evidence against the appellant. The failure of the State to prove anything by the witness could not prejudice the rights of the accused. We must presume that the jury did not consider the statement as evidence. The court committed no error in allowing it to be read to the witness.

The appellant asked the court to instruct the jury as follows: "That if they believe the wounds inflicted on the deceased were not dangerous, and would not have given her any trouble at all, but that if by subsequent exposure to the rain, and by reason of her intemperate habits, she brought on erysipelas, which caused her death, the jury should acquit the defendant, without regard to the nature or character of the instrument with which the wound was inflicted;" which was refused. That refusal is the sixth ground for a new trial.

It is unnecessary, in this case, to discuss the question of the applicability of the charge to the evidence, or whether a non-compliance with a rule of court, requiring that "special instructions to be given to the jury must be written and given to the court before the argument is begun," justified the refusal of the charge; for the reason that the whole ground is covered by the general charge of the court, as follows: "If Alvy Harvey died from a disease not brought on by a blow given by the defendant, you must acquit, no matter what violence the defendant may have inflicted upon the deceased; if it did not mediately or immediately accelerate her death, there can be no conviction."

The court committed no error in refusing the charge.

The judgment of the said Marion Criminal Circuit Court is affirmed, with costs.*

*C. H. Test* and *D. V. Burns*, for appellant.

*W. W. Leathers* and *J. C. Denny*, Attorney General, for the State.

*Petition for a rehearing overruled.