Christopher **ABERCROMBIE**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 583S184.

Supreme Court of Indiana.

June 11, 1985.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of burglary, a class B felony, I.C. § 35–43–2–1, and theft, a class D felony, I.C. § 35–43–4–2. The case was tried before a jury. Appellant received a twelve year sentence for burglary, and a four year concurrent sentence for theft.

Appellant raises five issues on appeal: (1) whether he was denied a fair trial because of prosecutorial misconduct in final argument; (2) whether the trial court erred when it permitted State's only eyewitness, Detective Lyday, to remain in the court room after granting a Motion for Separation of Witnesses; (3) whether trial court

erred when it did not sua sponte instruct the jury as to the definitions of "knowingly" and "intentionally;" (4) whether trial court invaded the province of the jury in giving instruction number eleven; and (5) whether there was sufficient evidence to support his convictions.

These are the facts that tend to support the determination of guilt. On October 6, 1982, about 9:00 a.m., the victim left his house to go for a three mile run. The victim returned thirty minutes later. He noticed that someone had removed his video cassette recorder and his stereo from the house and had placed them on his front steps. He found the kitchen window open. He later discovered the absence of two bicycles. He called the police, and Officer Taylor arrived ten to fifteen minutes later.

Detective Lyday also happened to be in the vicinity in his unmarked car. He was looking toward a retaining wall at the edge of the victim's property. He observed two men, appellant and someone unknown, in mid-air heading toward the sidewalk from the direction of the wall. He also observed another man, codefendant Freeman, emerge onto the sidewalk from a path near the wall.

The three men walked around the corner toward the front of the victim's house. Detective Lyday radioed Officer Taylor and informed him about the three men. Officer Taylor shouted for the men to stop as soon as they came into view. Appellant and co-defendant, Freeman, walked a few steps and then stopped. The other man ran and eventually eluded the police. Appellant and Freeman were arrested.

## I

Appellant argues that he was denied a fair trial because of prosecutorial misconduct. He raises four specific errors; (A) prosecutor improperly commented on his decision not to testify; (B) prosecutor improperly commented on the credibility of defense's witnesses; (C) prosecutor improperly vouched for the credibility of State's witnesses; (D) prosecutor improperly com-

mented on the respective roles of prosecutors and defense attorneys.

█ It is to be first noted that appellant did not raise objections to alleged errors A, B, and C. Therefore, he has failed to preserve these alleged errors committed by the trial court in permitting the prosecutor to make such argument. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843.

> We prefer to decide issues on their merits, and not to erect procedural obstacles to their presentation. However, a prompt objection affords the trial court an opportunity to prevent or remedy prejudice to a defendant without the considerable waste of time and resources involved in the reversal of a conviction, and for this reason a contemporaneous objection is required as a condition to appellate review.

*Maldonado*, supra.

D. During the prosecutor's final argument, the prosecutor read from a dissenting opinion from the U.S. Supreme Court case, *U.S. v. Wade* (1967), 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Appellant objected on the grounds that the law is to be given to the jury from the trial court and that reading the case would be improper comment on the respective roles of prosecutors and defense attorneys.

██ It is permissible in a criminal case for opinions to be read and discussed before the jury in final argument as to the law and the facts. The Indiana Constitution, Article 1, § 19, gives the jury in criminal cases the right to determine the law as well as the facts, and it is well settled that reading from decisions to the jury is proper. *Bryant v. State* (1933), 205 Ind. 372, 186 N.E. 322; *Klepfer v. State* (1889), 121 Ind. 491, 23 N.E. 287; *Harvey v. State* (1872), 40 Ind. 516.

In *Hubbard v. State* (1974), 262 Ind. 176, 313 N.E.2d 346, this Court upheld the passage that was read here to the jury. We stated;

> The passages read by the prosecutor emphasized the point of view that at trial the role of a defense attorney is to serve

his client rather than to join with law enforcement officers in an abstract search for truth. Appellants suggest that the reading of such a passage to the jury prejudiced them. We think that by the end of a long trial a jury can hardly be unaware of the role of defense counsel in our adversarial system. In any event, this act of the prosecutor was not such as to place the defendants "in grave peril" and thereby warrant a new trial. *White v. State* (1971), 257 Ind. 64, 272 N.E.2d 312.

*Hubbard,* supra 313 N.E.2d at 350.

## II

Appellant argues that the trial court erred when it permitted the State's only eyewitness, Detective Lyday, to remain in the court room after granting a Motion for Separation of Witnesses.

■ In *Hilligoss v. State* (1970), 253 Ind. 443, 255 N.E.2d 101, 104, in regard to a similar situation the Court stated:

> "The matter of separation of witnesses is left to the sound discretion of the trial court. The court was acting well within this discretion in permitting the prosecutor to retain the investigating police officer to aid him in the prosecution of this case. The fact that this officer was also a witness who later testified in the case does not render the trial judge's discretion abusive."

Each party has a right to have one person in the courtroom to aid counsel and it is accepted procedure in Indiana to have a police officer remain even though he is also a witness. *Gee v. State* (1979), 271 Ind. 28, 389 N.E.2d 303.

## III

■ Appellant argues that the trial court erred when it did not sua sponte instruct the jury as to the definitions of "knowingly" and "intentionally." Under our penal code these are terms of art; that is, they have special legal definitions. I.C. § 35-41-2-2. *Smith v. State* (1981), Ind. 422 N.E.2d 1179. The use of a word of art in an instruction requires a further instruc-

tion on the definition of that word. *Martin v. State* (1974), 262 Ind. 232, 246, 314 N.E.2d 60, 70. The trial court has a duty to give such instructions defining words of art. See *Martin, supra* 314 N.E.2d at 70.

■ Here, the trial court gave the jury instructions on the offenses of burglary, I.C. § 35-43-2-1, and theft, I.C. § 35-43-4-2; and should have completed them by adding an instruction reciting the statutory definitions of "knowingly" and "intentionally". The instructions as given did however inform the jury that guilt must rest upon a knowing or intentional state of mind. Appellant did not tender a more complete instruction containing the definitions or otherwise raise the incompleteness of instructions in the trial court. No special prejudicial effect of the omission is identified. Under the circumstances we are not persuaded the error in instructions impinged a substantial right warranting reversal.

## IV

■ Appellant argues that the trial court invaded the province of the jury in giving instruction number eleven. The instruction is set forth here:

> You must first determine the guilt or innocence of the defendant, and if you have reasonable doubt as to guilt of the crime charged, then you must find the defendant not guilty.
>
> However, if you find that the State has proven beyond reasonable doubt the material allegations of the charge against the defendant, then you must find the defendant guilty. Proper verdict forms will be furnished for your use.

This instruction was upheld in *Taylor v. State* (1981), Ind., 420 N.E.2d 1231.

Furthermore, appellant did not object to the instruction at trial or raise the issue in his Motion to Correct Errors. Consequently, appellant review is foreclosed.

## V

Appellant argues that his convictions are not supported by sufficient evidence.

This court will not weigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Reed v. State* (1979), 180 Ind.App. 5, 387 N.E.2d 82; see also *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

■ Furthermore, convictions for burglary and theft may be sustained by circumstantial evidence. *Howard v. State* (1982), Ind., 433 N.E.2d 753.

■ Codefendant Freeman was also convicted of burglary and theft arising out of this same incident. His convictions were reversed by the Court of Appeals for insufficient evidence. Cf. *Freeman v. State* (1984), Ind.App., 458 N.E.2d 694. In that court's opinion it was noted that Freeman, when first observed by Detective Lyday, was near the sidewalk, and was joined by Appellant and the other man, and together, they walked at a normal pace toward the position of the police officer who was interviewing the victim. Appellant, on the other hand, was first observed with his companion, who later ran and was never identified or apprehended, in midair in the process of vaulting the retaining wall.

From the viewpoint of the evidence as it tends to support appellant's guilt, we see the following. The evidence clearly establishes that a burglary and theft took place. The placement of stolen items showed activity of the burglars in the area outside the house. The view from the surrounding streets of the house and its yard was obscured by small trees and undergrowth. A five foot retaining wall built of stones bordered the victim's patio. Beyond the wall was a zone of rough terrain in which the small trees and brush were growing. There was the semblance of a path along the outside of the wall leading at an angle through the rough terrain to the sidewalk beyond. The time was mid-morning. Appellant and his unidentified partner were seen shortly after the time of the break-in, in mid-air, in the process of vaulting over the retaining wall and some of the rough terrain, coming from the direction of the house. A trier of fact could reasonably infer that appellant was in the victim's yard at the time of the offenses. Once beyond the wall, the two joined up with Freeman and began walking at a normal pace. When Officer Taylor ordered them to stop, appellant took two more steps while his unidentified partner ran. A reasonable trier of fact could regard the extra steps as a moment of indecision in which appellant was contemplating whether to run or not. Flight from the scene of a crime may be considered by the jury as circumstantial evidence of a consciousness of guilt. *Bailey v. State* (1982), Ind.App., 438 N.E.2d 22. The flight of appellant's partner also is circumstantial evidence connecting appellant to the offenses. The evidence presented, including reasonable inferences therefrom, is sufficient.

The convictions are affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.