Ted JONES, Appellant,

v.

STATE of Indiana, Appellee.

No. 183S2.

Supreme Court of Indiana.

Nov. 27, 1985.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of burglary, a class B felony, I.C. § 35–43–2–1 and from a habitual offender determination, I.C. § 35–50–2–8. The case was tried before a jury. Appellant received a ten year sentence for burglary. This sentence was enhanced by thirty years, for a total executed time of forty years, because he was determined to be a habitual offender.

Appellant raises two issues on appeal: (1) whether there was sufficient evidence to support his conviction for burglary; (2) whether there was sufficient evidence to support his habitual offender determination.

These are the facts most favorable to the State. On the evening of December 31, 1981, the victim and his wife left their home at 5:30 P.M. to attend a New Year's Eve Party at a church. They left the party for home just before midnight. As they approached their house, the victim discovered his television set on the houseside of a hedgerow that bordered the street. The television was still warm. The victim then drove to the back of the house and discovered that his door had been kicked in. Immediately thereafter, the victim noticed a van parked in front of his yard, and he observed a person loading his television set into the van. The victim accosted the person, but the person ran away. The victim recognized the person as the appellant because the appellant had been at his house two days before. Subsequently, the victim and his wife searched their house and found that it had been ransacked and that several items of property were missing. The next day the victim discovered foot tracks in the snow. One set of tracks went from the hedge to where the television had been discovered. The other set of tracks went from the victim's backdoor to the location of the television and then to the appellant's residence. The van was traced to appellant's sister. Appellant had access to the van, and he admitted that he was the person that the victim accosted.

I

Appellant argues that there was insufficient evidence to support his conviction for burglary.

This Court will not reweigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Reed v. State* (1979), 180 Ind.App. 5, 387 N.E.2d. 82; *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d. 1088.

A burglary or theft conviction may be sustained by circumstantial evidence alone. *Willard v. State* (1980), 272 Ind. 589, 400 N.E.2d. 151; *Ward v. State* (1982), Ind., 439 N.E.2d. 156.

Flight may be considered as circumstantial evidence of consciousness of guilt. *Frith v. State* (1975), 263 Ind. 100, 325 N.E.2d. 186; *Manna v. State* (1982), Ind., 440 N.E.2d. 473.

The evidence recited above is clearly sufficient to support his conviction for burglary.

II

Appellant argues that there was insufficient evidence to support his habitual offender determination.

At trial, appellant testified that he had been convicted of burglary in Wisconsin and that he received a sixty day jail sentence and two years probation. The evidence presented at trial was admitted into evidence at the habitual offender proceeding. During the habitual offender proceeding, a probation officer testified that appellant received a two year sentence. This testimony was in reference to the length of appellant's probation. The Wisconsin conviction was one of the two predicate felonies charged in the habitual offender count.

According to I.C. § 35–50–2–1, " 'a felony conviction' means a conviction, in an jurisdiction at any time with respect to which the convicted person might have been imprisoned for more than one [1] year . . ."

Here, the status of the Wisconsin conviction as a felony was not shown. There was no evidence, certified records or other, that indicates that appellant could have been imprisoned for more than one year for the burglary conviction. Thus, the evidence does not rise to the level of sufficiency so that a reasonable trier of fact could find the existence of a felony beyond a reasonable doubt.

The conviction is affirmed; this cause is remanded for imposition of a standard sentence or a new habitual offender proceeding consistent with this opinion.

SHEPARD, J., concurs.

PRENTICE, J., concurs and dissents with opinion.

PIVARNIK, J., concurs and dissents with opinion in which GIVAN, C.J., concurs.

PRENTICE, Justice, concurring and dissenting.

I concur in the affirmance of the burglary conviction and reversal of the habitual offender conviction. However, for the reasons stated in my prior dissenting opinions in *Morgan v. State* (1982), Ind., 440 N.E.2d 1087, 1091 and *Washington v. State* (1982), Ind., 441 N.E.2d 1355, 1360, I dissent to the alternative remand for retrial of the habitual offender count. I would direct sentencing upon the theft conviction without such a retrial.

PIVARNIK, Justice, concurring and dissenting.

I concur in this opinion except insofar as the majority remands the cause to the trial court for imposition of a standard sentence or a new habitual offender proceeding. It is my view there was sufficient evidence presented to sustain the finding of habitual offender and that the trial court should also be affirmed in that regard.

The only problem the majority finds is that there was no showing that burglary is a felony in Wisconsin. I would first note that I believe it is recognizable that burglary is a felony in any jurisdiction. Secondly, even if the majority is correct that the only showing was that Defendant got a sentence of sixty days and two years probation, that showing alone would qualify as a sufficient showing inasmuch as a person cannot receive a period of probation longer than the sentence that could be imposed upon him. In other words, if the crime for which he was convicted carried a term of less than a year, then he could not be put on probation for two years. However, there is a more cogent reason to find sufficiency here and that is that the Probation Officer of LaPorte County testified that Defendant was sentenced to a term of two years. The Probation Officer testified that he received this defendant on probation in LaPorte County on a transfer from the State of Wisconsin. This is a recognized reciprocal procedure in which a person being supervised by a probation officer in one jurisdiction can request transfer of that person to the probation office of another jurisdiction in another state. The LaPorte Probation Officer testified that he did receive this defendant from Wisconsin and agreed to take transfer of him into LaPorte County. The Probation Officer testifying was the defendant's supervising Probation Officer. He testified that all of the documents and papers submitted to him in

regard to said transfer indicated the defendant had received a two year sentence. He said he discussed this with the defendant and the defendant never denied nor objected to the assertion that he was convicted of a felony and sentenced to two years. The fact the defendant was put on probation for the two year period is irrelevant. There is more than sufficient showing that Defendant received a sentence of more than a year and, therefore, under all of the reasons given above, there was sufficient showing that he was convicted of a felony in Wisconsin.

I would affirm the trial court in all respects.

GIVAN, C.J., concurs.