Marvin BAKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 485S172.

Supreme Court of Indiana.

March 16, 1987.

Billie J. Hinnefeld, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following a jury conviction for murder. The trial court imposed a sentence of sixty years.

There are four issues presented on appeal: (1) whether the trial court erred by permitting appellant's wife to testify to matters claimed to be covered by the marital communications privilege; (2) whether the trial court erred by permitting the State to question appellant concerning a prior conviction; (3) whether the trial court erred in giving Final Instruction 5.1; and (4) whether there was sufficient evidence to support the murder conviction.

These are the facts from the record which tend to support the determination of guilt: Richard Pedro's body was discovered hanging from a bridge railing in Freedom, Indiana on March 30, 1984. The cause of death was determined to be a gunshot wound to the abdomen.

Testimony indicated that appellant believed Pedro was responsible for the theft of cigarettes from appellant's house. John Bridgewater, a roomer at the house, testi-

fied that on March 29, 1984 appellant showed him a shotgun, stated he was going to "get" the person who stole the cigarettes, and that Dick Pedro, the victim, was expected at the house. Bridgewater also found Pedro's glasses lying on the porch of the house the next morning. Another roomer in the house, Greg Nall, testified that on the evening of March 29, 1984, appellant's wife requested he leave the house because she believed there might be some trouble.

Pedro was last seen on March 29, 1984 leaving the Sunset Tavern with appellant's wife. She testified that at her husband's request she picked up Dick Pedro at the Sunset Tavern and brought him to the house. She stated appellant and Pedro went in the bedroom while she remained in the kitchen and that she subsequently heard a gunshot. She then entered the bedroom and observed Pedro's body on the floor. She and appellant put Pedro's body in the back of a truck and she drove to Freedom, Indiana. Appellant instructed her to stop on the bridge, he exited the truck, then reentered and they then went to a restaurant and ate dinner.

Appellant took the stand and admitted shooting Pedro, but asserted he acted in self defense.

### I

Initially, appellant contends error occurred when his wife was permitted to testify concerning events he claimed were covered by the marital privilege. Appellant filed a motion to suppress the testimony of Patsy Baker concerning the events of March 29, 1984. In that motion he asserted that the testimony of Mrs. Baker would involve privileged communication between husband and wife and must be suppressed. The trial judge ruled that the privilege did not apply until after the gunshot and that the privilege belonged to Mrs. Baker. Counsel for appellant then withdrew the motion to suppress. Patsy Baker testified at trial concerning the events of March 29, 1984 and the record reflects no objection to her testimony.

Even if we assume for the sake of argument that the trial court's ruling in relation to the marital privilege was erroneous, the question was waived by appellant's failure to object to the introduction of his wife's testimony at trial. Error in a ruling on a motion to suppress is not preserved for review absent a proper objection when the evidence is offered at trial. *Pointon v. State* (1978), 267 Ind. 624, 372 N.E.2d 1159.

Therefore, given the withdrawal of the motion to suppress and the absence of any objection on the record to Patsy Baker's trial testimony, the question of the applicability of the marital privilege was waived.

### II

Appellant contends that the trial court erred in permitting the prosecution to question appellant concerning the specifics of his prior armed robbery conviction. On direct examination, appellant testified he had previously been convicted of armed robbery. On cross examination the following occurred:

Q. ... you were convicted of armed Robbery, is that right?

A. Correct.

Q. Was that using a gun?

A. Yes, sir.

Q. Intentionally?

A. Yes, sir.

The trial court overruled appellant's objection to these questions, holding that the State had the right to bring out the offenses since appellant brought it up on direct examination.

While it was improper to permit questioning concerning the details of the conviction, *Gill v. State* (1984), Ind., 467 N.E.2d 724, the error was harmless here. Appellant's justification for the killing was self defense. He did not allege accidental discharge of the gun. The information elicited by the prosecutor that he was armed with a gun and it was intentional does not appear to undermine appellant's credibility. He does not assert that the shooting was not intentional, rather that it was justified.

There has been no showing of prejudice to the appellant.

### III

■ Appellant contends the trial court erred by giving Final Instruction 5.1. However, once again there was no objection to the instruction and therefore no issue was preserved for appeal. "[A] prompt objection affords the trial court an opportunity to prevent or remedy prejudice to a defendant without the considerable waste of time and resources involved in the reversal of a conviction, and for this reason a contemporaneous objection is required as a condition to appellate review." *Maldonado v. State* (1976) 265 Ind. 492, 355 N.E.2d 843, 848.

### IV

■ Appellant also contends there was insufficient evidence to support his conviction. He asserts that absent the testimony of he and his wife, there was not enough evidence to prove him guilty beyond a reasonable doubt. However, as concluded earlier, appellant's wife's testimony was properly admitted due to the absence of an objection and appellant then testified, providing an explanation for his actions. Therefore the only actual issue as to sufficiency concerns the self defense claim and there was sufficient evidence presented by the state to permit the jury to find, beyond a reasonable doubt, that appellant did not act in self defense.

The Court will not weigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Bowen v. State* (1985), Ind., 478 N.E.2d 44.

The jury weighed the evidence and chose to disbelieve appellant's account of the events. This was their function and we will not reweigh the evidence.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.