Charles E. BROWN, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8710–CR–954.

Supreme Court of Indiana.

Oct. 18, 1988.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Murder for which he received a sentence of fifty (50) years.

The facts are: On June 25, 1986, Fred Brown, Charles Brown, the appellant in this case, and Walterkeith Chapman were at the home of Fred Brown where they played cards and drank both whiskey and wine. They then drove to the home of Neely Mills, the sister of appellant. While at that location, appellant and the victim had a dispute over a chess game where the victim was heard to say to appellant, "I owe you my life. You want to take it now?" Following this altercation, after another trip to a liquor store, appellant and the victim appeared to be on good terms.

The three men then drove to Wishard Hospital to see appellant's sister's baby. They left the hospital about 9 or 9:30 p.m. and drove to White River Parkway, West Drive, where appellant pulled off by the river near the 16th Street dam. Appellant and the victim stood near the front of the car talking while Fred Brown went down the river for a short walk. When he returned to the car, appellant was holding a rifle and the victim was standing about six to eight feet in front of him saying, "Don't

shoot me." Appellant fired five or six shots at the victim who stated, "Man, I'm wounded", and then ran. Appellant followed the victim while Fred Brown stayed with the car.

Appellant was gone about fifteen minutes and when he returned found that Fred Brown had attempted to turn the car around, had become stuck on some rocks, and had blown a tire. Fred Brown went to the home of Robert Sykes, obtained help, and returned with another tire. The car was then removed from the rocks, and the men left the scene.

Bobby Lee Johnson, a friend of appellant, testified that appellant told him he had killed a man and thrown his body in the river. However, Johnson said at the time he did not believe appellant because he was intoxicated and had a tendency to say wild things at times. However, when he saw an account of the killing in the newspaper he realized that was what appellant was telling him about. The victim's body was recovered by the police and an autopsy revealed his death was caused by multiple gunshot wounds to the abdomen and chest.

■ Appellant claims the verdict of the jury is not sustained by sufficient evidence. He bases his claim on the allegation that Fred Brown's testimony was not credible because he had also been charged in the crime and had made a plea agreement with the State to plead guilty to assisting a criminal, and pursuant to that plea agreement the State was not going to make any recommendation as to sentencing but would leave the sentencing to the trial court's discretion. Appellant claims that such disclosure to the jury was not sufficient and that the jury should have been further informed as to what specific sentence Fred Brown was to receive.

Appellant is correct in his contention that the State has an affirmative duty to disclose all agreements with a State's witness. *Carey v. State* (1981), 275 Ind. 321, 416 N.E.2d 1252. However, we cannot agree with appellant that the disclosure of the plea agreement by the State was insuffi-

cient. The disclosure by the State clearly showed that Brown was testifying pursuant to an agreement and that he was to receive a benefit pursuant to that agreement in return for his testimony. The jury was told that he was being charged only with assisting a criminal, and they were clearly informed that appellant was being charged with murder. The jury was clearly advised that Fred Brown was receiving a distinct benefit by testifying pursuant to the agreement. The exact sentence he would ultimately receive pursuant to such agreement would have been mere speculation at the time of his testimony and would have added virtually nothing to the information which was submitted to the jury.

■ The testimony of an accomplice, although it is to be highly scrutinized, is sufficient standing alone to sustain a conviction. *Kelley v. State* (1984), Ind., 460 N.E.2d 137. However, Fred Brown's testimony does not stand alone in this case. The testimony of Bobby Lee Johnson, above set out, tends to support the testimony of Fred Brown. There is ample evidence in this record to support the verdict of the jury.

■ Appellant claims reversible error occurred when the trial court gave its Final Instruction No. 14 to the jury. Appellant takes the position the instruction incorrectly stated the law, misled the jury on the burden of proof, and placed a negative burden on him thereby mandating a verdict of guilty. The court's Final Instruction 14 reads as follows:

"MURDER

THE CRIME OF MURDER IS DEFINED BY STATUTE AS FOLLOWS:
A PERSON WHO KNOWINGLY OR INTENTIONALLY KILLS ANOTHER HUMAN BEING.
TO CONVICT THE DEFENDANT THE STATE MUST HAVE PROVED EACH OF THE FOLLOWING ELEMENTS:
THE DEFENDANT:
1. KNOWINGLY OR INTENTIONALLY

2. KILLED
3. WALTERKEITH CHAPMAN
IF THE STATE FAILED TO PROVE EACH OF THESE ELEMENTS BEYOND A REASONABLE DOUBT, YOU SHOULD FIND THE DEFENDANT NOT GUILTY.
IF THE STATE DID PROVE EACH OF THESE ELEMENTS BEYOND A REASONABLE DOUBT, YOU SHOULD FIND THE DEFENDANT GUILTY OF MURDER, A FELONY."

Appellant concedes that no objection was made to this instruction nor was a similar instruction tendered by appellant. Therefore error has been waived. *Baker v. State* (1987), Ind., 505 N.E.2d 49. However, appellant claims that the giving of this instruction was fundamental error. He takes the position that the sentence, "If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.", is an erroneous statement in that instead of the word "each" the court should have used the word "any" or the words "even one." However, we do not agree with appellant's observation in this regard.

Notwithstanding the fact that one might debate the best use of words it can hardly be said that the instruction as given would have misled the jury into believing that they could find appellant guilty if any one of the elements were missing. We do not find the choice of words to be such as to amount to fundamental error requiring a reversal of this case. *Smith v. State* (1984), Ind., 468 N.E.2d 512.

In addition, we would observe that this record contains sufficient evidence to support a finding by the jury that each element of murder had been established by the State's evidence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.