**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 10A05–1003–CR–256.

Court of Appeals of Indiana.

Jan. 26, 2011.

Jeffrey D. Stonebraker, Chief Public Defender, Jeffersonville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Deputy Attor-

ney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issue

A.H. was convicted, following a jury trial, of two counts of child molesting as Class A felonies and two counts of incest as Class B felonies.[1] A.H. appeals one of his two convictions of incest, raising the sole issue of whether sufficient evidence supports his conviction for incest with K.C. Concluding that the evidence, which included A.H.'s stipulated polygraph, was insufficient to prove this conviction beyond a reasonable doubt, we reverse and remand.

### Facts and Procedural History

A.H. is the maternal grandfather of K.C., his grandson, and S.C., his granddaughter. On December 12, 2008, when K.C. was six years old and S.C. was four years old, the children's father took them to A.H.'s house to spend the night. Upon returning to pick them up the following day, their father gleaned from their conversation that they had been molested by A.H., and immediately reported the incident to law enforcement.

The State charged A.H. with multiple counts of child molesting and incest. At trial, the State's evidence included the testimony of K.C. and S.C., as well as results of a stipulated polygraph administered to A.H. The jury found A.H. guilty of the following: two counts of child molesting as Class A felonies for deviate sexual conduct with S.C.; two counts of incest as Class B felonies for deviate sexual conduct, one with K.C. and one with S.C.; and two counts of child molesting as Class C felonies for fondling and touching, one with K.C. and one with S.C.

At sentencing the trial court vacated the Class C felony convictions, finding the fondling and touching were preparatory for the acts of deviate conduct with both children, and that the lesser convictions therefore had to be vacated under *Acuna v. State*, 581 N.E.2d 961 (Ind.Ct.App.1991). The trial court sentenced A.H. to a total of seventy years imprisonment, imposing concurrent fifty-year sentences on the Class A felony child molesting counts, to run consecutively to concurrent twenty-year sentences on the Class B felony incest counts.

A.H. now appeals his conviction of incest against K.C. Additional facts will be provided as necessary.

### Discussion and Decision

#### I. Standard of Review

In reviewing claims of insufficient evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005). We consider only the evidence most favorable to the verdict and the reasonable inferences therefrom. *Drane v. State*, 867 N.E.2d 144, 146 (Ind.2007). If there is substantial evidence of probative value from which a reasonable trier of fact could find each element of the crime proven beyond a reasonable doubt, we will affirm. *Caruthers v. State*, 926 N.E.2d 1016, 1022 (Ind.2010).

#### II. Evidence of Incest

A.H. argues the evidence does not support his conviction for incest with K.C. Initially we make three limiting observations concerning the scope of this issue. First, A.H. was tried on multiple counts of child molesting and incest, and whether sufficient evidence supports his conviction for incest against K.C. is a separate issue

---

1. We identify A.H., an adult, only by his initials to enhance the privacy of the child victims, his grandchildren. *See J.S. v. State*, 928 N.E.2d 576, 577 n. 1 (Ind.2010).

from whether the evidence supports the other convictions, which he does not challenge. Second, we are not revisiting whether A.H.'s polygraph was properly admitted into evidence, as A.H. stipulated to its admissibility and makes no claim of error concerning its admission. Third, we are not concerned with any inconsistency between the conviction for incest with K.C. and the jury's finding A.H. not guilty of a separate charge of child molesting by deviate conduct with K.C. Inconsistent jury verdicts are not grounds for reversal, and appellate review of sufficiency of the evidence does not involve an assessment of whether verdicts are contradictory. *Beattie v. State*, 924 N.E.2d 643, 648 (Ind.2010).

■ To convict A.H. of incest as a Class B felony as charged in the information, the State had to prove beyond a reasonable doubt, among other things, that he knowingly or intentionally engaged in deviate sexual conduct with K.C.[2] *See* Ind.Code § 35–46–1–3(a); Appellant's Appendix at 189. Deviate sexual conduct is defined as an act involving either penetration of a person's sex organ or anus by an object, or contact between a person's sex organ and the mouth or anus of another person. Ind. Code § 35–41–1–9. Evidence that A.H. touched or fondled K.C., while relevant to the Class C felony charge on which the jury returned a guilty verdict, was not sufficient to prove incest unless it involved one or more acts included in the definition of deviate sexual conduct.

K.C. testified that while he was at A.H.'s house, A.H. showed him a pornographic video on the computer, had him play with a sex toy, and A.H. and K.C. had their penises exposed during these activities. A.H. also touched K.C.'s penis. However, K.C. did not testify to any contact between

his penis and A.H.'s mouth or anus, nor to any penetration. Thus, K.C.'s testimony did not support an inference that A.H. engaged in deviate sexual conduct with him.

Similarly, S.C. testified that while she and K.C. were at A.H.'s house, he had them watch a pornographic video and play with sex toys. S.C. also testified that A.H. molested her in various ways. However, she did not testify to any contact between A.H.'s penis and K.C.'s mouth or anus, despite the prosecutor's attempt to elicit such testimony. *See* Transcript at 256–57. Thus, neither did S.C.'s testimony support an inference that A.H. engaged in deviate sexual conduct with K.C.

■ The State argues that there was sufficient evidence A.H. committed deviate sexual conduct with K.C. as provided by the results of A.H.'s polygraph and his post-polygraph statements. Under established Indiana law, polygraph tests are inadmissible in a criminal prosecution absent a stipulation of the parties. *Kimmel v. State*, 275 Ind. 575, 584, 418 N.E.2d 1152, 1157 (1981), *cert. denied*, 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). The reasons for this rule are our supreme court's concerns that polygraphs are "not sufficiently accurate to mandate [their] admission" and that juries may "give undue weight to a polygraph test's validity." *Id.*

Once admitted, our courts have looked to polygraph results as part of the evidence sufficient to sustain a conviction, but only in conjunction with other evidence of probative value. *E.g., Burton v. State*, 526 N.E.2d 1163, 1167–68 (Ind.1988) (considering polygraph indication of deceptive responses by defendant as one of many pieces of circumstantial evidence support-

---

**2.** The State was also required to prove A.H. was at least eighteen years of age, K.C. was under sixteen years of age, and A.H. knew K.C. was related to him biologically as a grandchild. On appeal, A.H. does not dispute the State proved those elements.

ing burglary conviction); *Davies v. State,* 730 N.E.2d 726, 740 (Ind.Ct.App.2000) (considering defendant failed polygraph and in post-polygraph interview, admitted to deviate sexual conduct with victim), *trans. denied, cert. denied,* 532 U.S. 945, 121 S.Ct. 1410, 149 L.Ed.2d 352 (2001); *Bubb v. State,* 434 N.E.2d 120, 122 (Ind.Ct. App.1982) (stating circumstantial evidence defendant delivered drugs was "buttressed" by polygraph indicating his deceptive responses to incriminating questions). In light of our supreme court's concerns about the doubtful reliability of polygraphs and the difficulty faced by juries in determining their proper weight, *see Kimmel,* 275 Ind. at 584, 418 N.E.2d at 1157, we think the normal practice—of using polygraphs only with other probative evidence—reflects a general rule that an incriminating polygraph alone will be insufficient to sustain a conviction.

In this case, prior to the polygraph test, the examiner discussed with A.H. the allegations against him, including that he sexually touched the children and engaged in oral-genital contact with K.C. A.H. initially denied all of the allegations. In the actual test, A.H.'s polygraph indicated he was deceptive when he gave negative answers to three relevant questions: whether he touched S.C. with his bare penis; whether he showed the children pornography on his computer; and whether he made K.C. "touch [his] bare penis with [K.C.'s] mouth or tongue." Ex. 12, at 3. The polygraph examiner confronted A.H. with the results indicating deception, whereupon A.H. "admitted that he did sexually touch his grandchildren on the one occasion reported." *Id.* The next day, A.H. voluntarily spoke with Detective Charles Thompson. In the audiotaped in-

terview, he admitted in general terms that he may possibly have done something inappropriate with the children, but was not asked and did not volunteer details about specific acts of molestation. *See* Appendix of Appellee at 3–4.

Viewing the record as a whole, the only evidence that suggests A.H. engaged in deviate sexual conduct with K.C., as opposed to fondling or touching, is the polygraph results. While these indicated A.H. was deceptive when he denied oral-genital contact with K.C., there is no other evidence A.H. was deceptive in making this denial. His post-polygraph statement to the examiner, and his statement to Detective Thompson, showed he was untruthful in initially denying all of the allegations as to both children. But it is a separate question whether the evidence supports the specific allegation of deviate sexual conduct with K.C. As discussed above, the testimony of K.C. and S.C. failed to support this allegation.

Under these facts and circumstances, we conclude the State failed to present substantial evidence of probative value that A.H. committed deviate sexual conduct with K.C. In short, the incriminating polygraph result as to this allegation, while probative, was not supplemented by other probative evidence and therefore was not substantial enough to constitute proof beyond a reasonable doubt. *Cf. Burton,* 526 N.E.2d at 1168.

We reverse A.H.'s conviction of incest against K.C. and remand this case to the trial court to vacate that conviction and the accompanying sentence, and for proceedings consistent with this opinion.[3] Our

---

3. A.H. concedes the trial court may properly reinstate his conviction for Class C felony fondling and touching against K.C., because vacating the incest conviction removes the trial court's reason for not entering judgment on the Class C felony.

holding leaves intact A.H.'s remaining convictions, which he does not challenge.

### Conclusion

A.H.'s conviction of incest against K.C. is not supported by sufficient evidence. This conviction is therefore reversed and the case is remanded for further proceedings.

Reversed and remanded.

RILEY, J., and BROWN, J., concur.